**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOYCE RIOS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No.: 3:07-cv-00483 JPG-DGW |
| C.R. BARD, INC., and its subsidiary, DAVOL INC., | ) | |
| Defendants. | ) | |

**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with her Complaint at Law ("Complaint") filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on or about June 13, 2007. Bard was served with the Complaint on June 22, 2007. Davol was served with the Complaint on June 25, 2007. Neither Bard nor Davol has answered Plaintiffs' Complaint.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiffs' Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 93.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Defendants, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendants deny Plaintiff's claims, and Plaintiff explicitly seeks damages only "in excess of $50,000" (*see, e.g.*, Compl. ¶ 16), Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims against Defendants sound in product liability and seek recovery for injuries allegedly caused by a defective medical device, a Composix® Kugel® hernia

repair patch, that was manufactured and sold by Defendants and used in Plaintiff's hernia repair. (*See* Compl. ¶¶ 6-13.) Plaintiff alleges that after implantation of the Composix® Kugel® patch by her doctors, she "had medical complications related to the laparoscopic repair of her incisional hernia." (Compl. ¶ 13.) Plaintiff alleges that due to her use of the Composix® Kugel® Patch, she "has suffered severe personal and pecuniary injures; has incurred and will in the future continue to incur hospital and medical expenses; has incurred and will in the future continue to incur caretaking and other expenses; has suffered and will in the future continue to suffer great physical and mental pain and anguish; has suffered and will in the future continue to suffer disability and disfigurement; has suffered loss of a normal life; has lost and in the future will continue to lose earnings; has and will in the future suffer decreased earning capacity; [and] has suffered and increased risk of future harm resulting from [her] use of the . . . Composix® Kugel® [Patch]." (Compl. ¶ 16.)

8. The amount-in-controversy requirement is met here, because the severity of the injuries alleged in Plaintiffs' Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

9. In addition, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court specifically pleading an amount-in-controversy in excess of $75,000. *See, e.g., Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex . filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176

(N.D. Fla. filed Apr. 20, 2007) (Ex. C); *see also In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry).

**B. The Parties Are Completely Diverse**

10. On information and belief, Plaintiff is a resident and citizen of Illinois. (*See* Compl. ¶ 1.)

11. Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

12. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant C.R. Bard, Inc. and Defendant Davol Inc. respectfully remove this action from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully submitted,

Dated: June 2, 2007

BAKER, STERCHI, COWDEN & RICE, LLC

BY: */s/ Joseph F. Callahan*
Joseph F. Callahan #6279549
Dennie Michelle Zankel #6271734
1010 Market Street, Suite 950
St. Louis, MO 63101
(314) 231-2925
(314) 231-4857 (fax)

callahan@bscr-law.com
zankel@bscr-law.com

Of Counsel:
Kirby T. Griffis
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2007, a copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

David M. Hicks
DAVID M. HICKS, P.C.
7720 Stonebridge Golf Drive
Maryville, IL 62062
(618) 343-0901
(618) 301-3360 (fax)

*via first-class mail, postage prepaid, and electronic notice*

/s/ Dennie Michelle Zankel
Dennie Michelle Zankel