**STATE OF ILLINOIS**
**CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT**
**COUNTY OF MADISON**

FILED
JUN 18 2007
CLERK OF CIRCUIT COURT #68
THIRD JUDICIAL CIRCUIT
MADISON COUNTY ILLINOIS

| | | |
|---|---|---|
| JOYCE RIOS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-L- 534 |
| C.R. BARD, INC, | ) | |
| and its subsidiary, | ) | |
| DAVOL, INC., | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

Now comes the Plaintiff, Joyce Rios, by her attorney, David M. Hicks, and complaining of the Defendants, C.R. Bard, Inc., a corporation, and its subsidiary, Davol, Inc., a corporation, says:

COUNT I
(Negligence)

1. Plaintiff Joyce Rios is an individual residing at 1739 Delmar Avenue in Granite City, Illinois.

2. Defendant C.R. Bard, Inc. is a corporation with offices at 730 Central Avenue in Murray Hill, New Jersey 07974.

3. Defendant Davol, Inc. is a corporation and subsidiary of Defendant C.R. Bard, Inc. with offices at 100 Sockanossett Crossroad in Cranston, Rhode Island 02920.

4. That during and before January 10, 2007 the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., were engaged in the business of manufacturing, distributing, and selling certain medical products, and did manufacture, distribute, and sell a certain medical product known as the Bard® Composix® Kugel® Large Oval Hernia Patch.

5. That during and before January 10, 2007, the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., supplied and delivered certain medical products in the Madison County

area and did sell, supply, and deliver the Bard® Composix® Kugel® Large Oval Hernia Patch to Anderson Hospital at Maryville, Illinois.

6. That on or about July 11, 2003, the Plaintiff, Joyce Rios, was under the care and treatment of a licensed physician and surgeon engaged in the practice of his profession, for a certain incisional hernia condition.

7. That as part of the aforesaid care and treatment, said physician advised Plaintiff, Joyce Rios, to undergo laparoscopic repair of her incisional hernia.

8. On or about July 11, 2003, the Plaintiff, Joyce Rios, underwent a medical operation for an attempted laparoscopic repair of her incisional hernia with a large oval of Bard® Composix® Kugel® Hernia Patch, which is manufactured, distributed, and sold by the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc.

9. That the Plaintiff, Joyce Rios, had the aforesaid operation performed at Anderson Hospital in Maryville, Illinois.

10. That on or about December 27, 2005, the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., notified U.S. customers of a recall of certain medical products manufactured, distributed, and sold by the said Defendants.

11. That on or about January 10, 2007, the said Defendants sent letters to health care professionals and distributors notifying them of the most recent expansion of the aforesaid recall of specific lots of Bard® Composix® Kugel® Large Oval and Large Circle Mesh Patches for lot numbers manufactured before October 2005.

12. That the United States Food and Drug Administration (FDA) has classified the Bard® Composix® Kugel® Hernia Patch recall as a Class I recall, which is the FDA's highest risk classification.

13. That subsequent to the insertion of the Bard® Composix® Kugel® Large Oval Mesh Patch on or about July 11, 2003, the Plaintiff, Joyce Rios, has had medical complications related to the laparoscopic repair of her incisional hernia and in particular the insertion of the Bard® Composix® Kugel® Large Oval Mesh Patch.

14. The Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., owed the Plaintiff, Joyce Rios, a duty to take reasonable precautions to prevent injury or damage to her body as a foreseeable user of the medical products that Defendants manufacture, distribute, and sell.

15. That during and before July 11, 2003, the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., by and through its duly authorized agents and employees, did or failed to do one or more of the following acts:

a. failed to design the Bard® Composix® Kugel® Large Oval Mesh Patch to handle the stresses of placement and use;

b. failed to manufacture the Bard® Composix® Kugel® Large Oval Mesh Patch to withstand the stresses of placement and use;

c. failed to engage properly in testing to determine the possible negative effects of the Bard® Composix® Kugel® Large Oval Mesh Patch on incisional hernias;

d. failed to warn or instruct of the possible negative effects of using the Bard® Composix® Kugel® Large Oval Mesh Patch on incisional hernias; and

e. failed to specify any remedies for impairments caused by the Bard® Composix® Kugel® Large Oval Mesh Patch.

16. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts of the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., the Plaintiff, Joyce Rios, has suffered severe personal and pecuniary injuries; has incurred and will in the future continue to incur hospital and medical expenses; has incurred and will in the future continue to incur caretaking and other expenses; has suffered and will in the future continue to

suffer great physical and mental pain and anguish; has suffered and will in the future continue to suffer disability and disfigurement, has suffered loss of a normal life; has lost and in the future will continue to lose earnings, has and will in the future suffer decreased earning capacity, has suffered an increased risk of future harm resulting from the use of the Bard® Composix® Kugel® Large Oval Mesh Patch.

WHEREFORE, the Plaintiff, Joyce Rios, asks judgment of the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., in excess of $50,000.

COUNT II
(Strict Liability)

1 – 13. The Plaintiff, Joyce Rios, hereby adopts, reasserts, and realleges the allegations contained in Paragraphs 1 – 13 of Count I of her complaint as and for Paragraphs 1 – 13 of this Count.

14. That prior to January 10, 2007, the Bard® Composix® Kugel® Large Oval Mesh Patch as manufactured, distributed, and sold, was in an unreasonably dangerous defective condition in that its "memory recoil ring" that opens the Bard® Composix® Kugel® Mesh Patch could break under the stress of placement in the intra-abdominal space, and specifically that the Defendants,

a. failed to design the Bard® Composix® Kugel® Large Oval Mesh Patch to handle the stresses of placement and use when the foreseeable risks of the harm posed could have been reduced or avoided by the adoption of a reasonable alternative design;

b. failed to manufacture the Bard® Composix® Kugel® Large Oval Mesh Patch without any manufacturing defects which caused the manufactured product to depart from its intended design; and

c. failed to warn or instruct of the foreseeable risks of harm posed by using the Bard® Composix® Kugel® Large Oval Mesh Patch on incisional hernias, when such risks could

have been reduced or avoided by the provision of reasonable instructions or warnings by the Defendants.

15. The Bard® Composix® Kugel® Large Oval Mesh Patch used on the Plaintiff Joyce Rios on July 11, 2003 was expected to and in fact reached her without substantial change in the condition in which it is sold

16. That as a direct and proximate result of the aforesaid unreasonably dangerous condition of the Bard® Composix® Kugel® Large Oval Mesh Patch, the Plaintiff, Joyce Rios, has suffered severe personal and pecuniary injuries; has incurred and will in the future continue to incur hospital and medical expenses; has incurred and will in the future continue to incur caretaking and other expenses; has suffered and will in the future continue to suffer great physical and mental pain and anguish; has suffered and will in the future continue to suffer disability and disfigurement, has suffered loss of a normal life; has lost and in the future will continue to lose earnings, has and will in the future suffer decreased earning capacity, has suffered an increased risk of future harm resulting from the use of the Bard® Composix® Kugel® Large Oval Mesh Patch.

WHEREFORE, the Plaintiff, Joyce Rios, asks judgment of the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., in excess of $50,000.

<u>COUNT III</u>
<u>(Implied Warranties Under the Uniform Commercial Code)</u>

1 – 13. The Plaintiff, Joyce Rios, hereby adopts, reasserts, and realleges the allegations contained in Paragraphs 1 – 13 of Count I of her complaint as and for the allegations in Paragraphs 1 – 13 of this Count.

14. That prior to January 10, 2007, the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., did impliedly warrant that the Bard® Composix® Kugel® Large Oval Mesh Patch was of merchantable quality pursuant to the applicable provisions of the Uniform Commercial Code.

15. That at the aforesaid time, the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., did breach the aforesaid implied warranty in that the Bard® Composix® Kugel® Large Oval Mesh Patch was not of merchantable quality.

16. That as a direct and proximate result of the aforesaid breach of implied warranty, the Plaintiff, Joyce Rios, has suffered severe personal and pecuniary injuries; has incurred and will in the future continue to incur hospital and medical expenses; has incurred and will in the future continue to incur caretaking and other expenses; has suffered and will in the future continue to suffer great physical and mental pain and anguish; has suffered and will in the future continue to suffer disability and disfigurement, has suffered loss of a normal life; has lost and in the future will continue to lose earnings, has and will in the future suffer decreased earning capacity, has suffered an increased risk of future harm resulting from the use of the Bard® Composix® Kugel® Large Oval Mesh Patch.

WHEREFORE, the Plaintiff, Joyce Rios, asks judgment of the Defendants, C.R. Bard, Inc. and its subsidiary Davol, Inc., in excess of $50,000.

David M. Hicks,
Attorney for Plaintiff

CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

David Hicks

David M. Hicks, A.R.D.C. #: 6275121
David M. Hicks, P.C.
Attorneys at Law
7720 Stonebridge Golf Drive
Maryville, IL 62062
618-343-0901
618-301-3360 (fax)

June 25, 2007
**Ship FedX – Priority 1**
To:
Mr. Brian Leddin
C. R. Bard, Inc.
730 Central Avenue
Murray Hill, NJ 07974

Internal Billing Reference: 8901
Thank you,
Sandy Davis