**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOYCE RIOS,<br><br>Plaintiff,<br><br>vs.<br><br>C.R. BARD, INC., and its subsidiary,<br>DAVOL INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 3:07-cv-00483 JPG-DGW |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.**

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), by and through their counsel of record, hereby answer Plaintiff's Complaint, paragraph by paragraph, as follows.

COUNT I (Negligence)

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Bard admits that it is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974.

3. Davol admits that it is a subsidiary of Bard, and that it is a Delaware corporation with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920.

4. Bard denies each and every allegation contained in Paragraph 4. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including

the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

5. Bard denies each and every allegation contained in Paragraph 5. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the United States, including Illinois.

6. Paragraph 6 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

7. Paragraph 7 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Bard denies each and every allegation contained in Paragraph 8, to the extent those allegations are directed at it. To the extent the allegations are directed at Davol, Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations contained in Paragraph 8 of the Complaint concern parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and therefore deny the same.

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Answering further, Defendants state these products have since been returned to the market with FDA approval. Otherwise, they deny all allegations not specifically admitted herein.

11. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Answering further, Defendants state these products have since been returned to the market with FDA approval. Otherwise, they deny all allegations not specifically admitted herein.

12. Defendants admit that the federal Food and Drug Administration has classified the Bard® Composix® Kugel® Hernia Patch recall as a "Class I" recall. Otherwise, they deny all allegations not specifically admitted herein.

13. Paragraph 13 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore deny the same.

14. Paragraph 14 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 14.

15. Defendants deny each and every allegation contained in Paragraph 15, including all subparts.

16. Paragraph 16 of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 16.

COUNT II (Strict Liability)

1-13. Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

14. Paragraph 14 [sic] of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 14, including all subparts.

15. Defendants deny each and every allegation contained in Paragraph 15 [sic].

16. Paragraph 16 [sic] of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 16.

COUNT III (Implied Warranties Under the Uniform Commercial Code)

1-13. Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

14. Paragraph 14 [sic] of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 14.

15. Defendants deny each and every allegation contained in Paragraph 15 [sic].

16. Paragraph 16 [sic] of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 16.

<u>AFFIRMATIVE DEFENSES</u>

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. Plaintiff's Complaint should be dismissed under the doctrine of *forum non conveniens*.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or her agents', including her physicians' misuse or abnormal use of the product, or failure to follow instructions, bar the Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. Plaintiff is responsible, in whole or in part, for any injuries he/she suffered as a result of his/her own negligence and his/her acts or omissions and therefore Plaintiff's right to recover is diminished in an amount based upon his/her individual relative degree of fault.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the product at issue was designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the product at issue was not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of

others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

18. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

19. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

20. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which it is responsible in this matter.

21. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative/contributory negligence.

22. Defendants state that if Plaintiff sustained any injuries or damages as alleged, which these Defendants specifically deny, that same was caused or contributed to be caused, in whole or in part, by the contributory or comparative negligence or fault or other culpable conduct of others, and not as a result of any negligence or any culpable conduct on the part of these Defendants. Accordingly, Defendants are entitled to the joint liability protections afforded by 735 ILCS 5/2-1117, as well as all protections afforded by the Joint Tortfeasor Contribution Act, 740 ILCS 100/1, et seq., regarding Defendant's right to contribution from other parties.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Defendants' due process, equal protection and other rights under the United States Constitution, and any other applicable law.

27. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Illinois law and/or other applicable laws.

28. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

29. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant C.R. Bard, Inc. and Defendant Davol Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY DEMAND**

PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury as to all issues.

Case 3:07-cv-01483-MLC-DGW Document 1-5 Filed 08/20/2007 Page 9 of 10

Respectfully submitted,

Dated: July 10, 2007

BAKER, STERCHI, COWDEN & RICE, LLC

BY: /s/ Joseph F. Callahan

Joseph F. Callahan #6279549
Dennie Michelle Zankel #6271734
1010 Market Street, Suite 950
St. Louis, MO 63101
(314) 231-2925
(314) 231-4857 (fax)

Of counsel:
Kirby T. Griffis
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of July, 2007, a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECT system. Service of same has been made upon the following in the manner listed below:

David M. Hicks
DAVID M. HICKS, P.C.
7720 Stonebridge Golf Drive
Maryville, IL 62062
(618) 343-0901
(618) 301-3360 (fax)

*via first-class mail, postage prepaid, and electronic notice*

BY: /s/ *Joseph F. Callahan*________
Joseph F. Callahan